UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KATE PARNEY,

      Plaintiff,

v.

ALMA COLLEGE,

      Defendant.

Case No. 25-12041
Hon. Thomas L. Ludington

**ORAL ARGUMENT REQUESTED**

---

| ROUMEL LAW | STARR BUTLER, PLLC |
|---|---|
| Nicholas Roumel (P37056) | Ryan J. Koss (P79893) |
| Attorney for Plaintiff | Zeth D. Hearld (P79725) |
| 4101 Thornoaks Dr. | Attorneys for Defendant |
| Ann Arbor, MI 48104 | 20700 Civic Center Dr., Ste. 290 |
| (734) 663-7550 | Southfield, MI 48076 |
| nick@roumel-law.com | (248) 554-2700 |
| | rkoss@starrbutler.com |
| NEWKIRK ZWAGERMAN, P.L.C.[1] | zhearld@starrbutler.com |
| Thomas Newkirk (IA Bar No. AT0005791) | |
| Myles D. Young (IA Bar No. AT0015901) | |
| 3900 Ingersoll Ave., Ste. 201 | |
| Des Moines, IA 50312 | |
| (515) 883-2000 | |
| tnewkirk@newkirklaw.com | |
| myoung@newkirklaw.com | |

---

**ALMA COLLEGE'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.
R. CIV. P. 12(b)(1) AND (6) AND STRIKE CLASS ALLEGATIONS**

---

[1] It is unclear whether Plaintiff's out-of-state attorneys have complied with L.R. 83.20.

{00143225.DOCX}

A. **Plaintiff Abandoned Counts V, VI, VIII, and IX of her Complaint**

In its opening brief, Alma argued that Counts V (disparate impact discrimination), VI (pattern and practice discrimination), VIII (class action claims), and IX (injunctive relief) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), (6); 12(f), and 23(d)(1)(D). Plaintiff did not respond to Alma's arguments. Plaintiff thus abandoned these claims, and Counts V, VI, VIII, and IX of her Complaint should be dismissed. *See Scott v. State of Tenn.,* 878 F.2d 382 (6th Cir. 1989)("if a plaintiff fails to respond or to otherwise oppose a defendant's [Fed. R. Civ. P. 12(b)] motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Mekani v. Homecomings Fin., LLC*, 752 F.Supp.2d 785, 797 (E.D. Mich. 2010) (dismissing claims where plaintiff did not respond to motion to dismiss and the Court ruled the plaintiff abandoned his claims).

B. **Plaintiff did not Plead a Claim of Gender Discrimination**

Plaintiff's discrimination claims are based solely on gender stereotyping. Alma's alleged use of gender-neutral terms does not support Plaintiff's discrimination claims under Title VII, Title IX, or ELCRA, and the claims should be dismissed.

First, Plaintiff's argument depends on a misapplication of *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989). Indeed, the Supreme Court in Price Waterhouse noted that "[r]emarks at work that are based on sex stereotypes do not inevitably

{00143225.DOCX}  1

prove that gender played a part in a particular employment decision. The plaintiff <u>must show that the employer actually relied on her gender in making its decision</u>." *Id.* at 251 (emphasis added). The plaintiff in *Price Waterhouse* asserted she was referred to by gender stereotypical comments, including "macho," and was told to walk, talk, and dress "more femininely" to be promoted, and that her gender was <u>the reason</u> for the employer's decision-making. *Id.*

This is not the case here. Unlike *Price Waterhouse,* Plaintiff's gender discrimination claim is premised on "social science" and Alma's alleged use of terms such as "visibility," "team trauma," "communication with athletes," "availability," and "recruiting engagement." (ECF No. 1, PageID. 2-3, 7, 9-10, ¶¶5, 9, 25, 26, 36). These terms are <u>gender-neutral</u> (unlike the terms in *Price Waterhouse*) and they are not actionable. "[T]erms that convey only gender-neutral meanings are insufficient to anchor a gender-stereotyping claim." *Morales-Cruza v. University of Puerto Rico*, 676 F.3d 220, 225 (1st Cir. 2012) ("fragile," "immature," "twisting the truth," and "exhibiting lack of judgment" were gender-neutral). Plaintiff's claims that the terms allegedly used by Alma are "subjective," is nothing more than a red herring because "subjectivity" does not make the terms gender-charged or discriminatory. Plaintiff's allegations, at most, yield a conclusion that Alma's decisions were made because of her poor performance, communication, and engagement -- not because of her gender.

Further, Plaintiff does not allege the gender-neutral terms were used (or not used) in the discipline or termination of male coaches. She asserts only that "male coaches were treated more favorably." (ECF No. 10, PageID. 136-37). Plaintiff's cursory allegations about the treatment of male coaches at Alma, without more, do not support an inference of gender discrimination. *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (affirming dismissal of the plaintiff's gender stereotype discrimination claims where he "concludes that he was treated less-favorably than non-Asian-American employees and [] other similarly-situated female employees, *but [] offered no specifics regarding who those employees were or how they were treated differently*.").

Plaintiff relies on similar claims filed by Plaintiff's counsel that survived 12(b)(6) motions. The citations only confirm that Plaintiff's claims are speculative. Regardless, the cases are distinguishable:

- In *Atkinson-Wignall v. State Univ. of New York* (ECF No. 10 at Ex. 1, PageID. 149-61), the allegations went beyond gender stereotypes, and included facts that the plaintiff was replaced with someone outside of her protected class and that specific male and/or white coaches were permitted to make coaching decisions such as sitting athletes in competition, but the female plaintiff was not provided that discretion.
- The plaintiff in *Thomas v. E. Carolina Univ.,* (ECF No. 10 at Ex. 2, PageID. 162-78) identified *specific* male coaches that used excessive foul language, cut many players, and called players "sorry asses" without facing discipline like her and other female coaches.
- In *Loecker v. Colo. Mesa Univ.*, (ECF No. 10 at Ex. 3, PageID. 179-94) the plaintiff pled her *direct* supervisor suggested women should not be hired because they are "too emotional and difficult." The plaintiff also

asserted specific white male coaches engaged in the same behavior she engaged in and were treated more favorably.

*Atkinson*, *Thomas*, and *Loecker* are inapposite. Each of the plaintiffs in those cases survived dismissal because they asserted *specific* conduct and *specific* male counterparts, and alleged facts beyond gender-neutral terms. Not only does Plaintiff not do that here, but her allegations are conclusory and impermissibly speculative. Plaintiff's allegations, limited to gender-neutral phrases and vague reference to the "broader pattern of sex based . . . stereotyping that pervades collegiate coaching" are insufficient to avoid dismissal. (ECF No. 1, PageID.7 at ¶30).

*Kearney v. Western Carolina University*, on the other hand, is directly applicable. In *Kearney*, allegations "similar" to Plaintiff's assertions here were dismissed because the plaintiff did not allege how gender stereotyping in collegiate sports affected the employer's decision making. 2021 WL 1429472 at *3. The outcome here should be the same as *Kearney*. Plaintiff's speculative allegations do not state claims of gender discrimination under Title VII, Title IX, or ELCRA.

  C. **<u>Plaintiff did not Plead a Hostile Work Environment Claim</u>**

In response to Alma's motion to dismiss, Plaintiff does nothing more than recite the elements of a hostile work environment claim. Specifically, Plaintiff does <u>not</u> identify any facts that support she was subjected to unwelcomed harassment based on her sex or that such harassment was so severe and pervasive to alter the conditions of her employment. *Ogbonna-McGruder v. Austin Peay St. Univ.*, 91

F.4th 833, 839 (6th Cir. 2024). Rather, she claims the gender stereotyping in collegiate sports generally "disparately burdens women" and cites three cases in an effort to support her proposition that this "burden" constitutes harassment. But none of the cited cases do not support Plaintiff's position. First, *Oncale v. Sundowner Offshore Servs., Inc.* recognized that same-sex harassment is actionable under Title VII, which is not the proposition Plaintiff cites it for and it does not apply. 523 U.S. 75, 80 (1998). Second, *Smith v. City of Salem, Ohio*, did not mention hostile work environment claims. 378 F.3d 566, 570 (6th Cir. 2004). Third, unlike Plaintiff here, the plaintiff in *Nichols v. Azteca Rest. Eners., Inc.* was subjected to a "sustained campaign of taunts . . . designed to humiliate and anger him" because he did not conform to "male stereotypes." 256 F.3d 864, 874 (9th Cir. 2001). The plaintiff there specifically alleged he experienced systematic verbal abuse because of his "feminine mannerisms." *Id.* No such allegations of harassment exist in this case.

Rather, Plaintiff asserts she experienced "harassment" when she was placed on a PIP and her employment was terminated. (ECF No. 10, PageID. 139-40). The law is clear—adverse employment actions do not sustain a claim for hostile work environment. *See, e.g., Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 840 (6th Cir. 2024) ("allegations of discrete acts of discrimination could not be characterized as part of the hostile work environment claim."). Plaintiff wholly failed to plead *any* unwelcomed harassment, much less conduct that was severe and

pervasive. Plaintiff's hostile work environment claims under Title VII, Title IX, and ELCRA should be dismissed.

### D.     Plaintiff's Segregation Claim is Unsustainable

Plaintiff's Complaint is devoid of allegations to support a segregation claim. Plaintiff <u>admits</u> she never applied to coach a men's team at Alma. (ECF No. 1 at PageID.20, ¶74). Further, the cases Plaintiff cited regarding the "futile gesture" do not apply. The plaintiff in *Hailes v. United Air Lines* alleged the employment advertisement specified the welcomed gender and that he was turned away for a position because of his sex. 464 F.2d 1006, 1008 (5th Cir. 1972). In *Barbrocky v. Jewel Food Co.*, the plaintiffs were never informed of positions with vacancies. 773 5.2d 857, 865 (7th Cir. 1985). Further, in *E.E.O.C. v. Metal Serv. Co.*, the court ruled the failure to apply is not grounds for dismissal only where "the plaintiff made every reasonable attempt to convey his interest in the job to the employer." 892 F.2d 341, 348 (3rd Cir. 1990). Similarly, the plaintiff in *Paxton v. Union Nat. Bank* expressed interest in a position that was never posted. 688 F.2d 552, 568 (8th Cir. 1982). The "futile gesture" doctrine does not apply because Plaintiff did not apply or otherwise attempt to express any interest in a men's team position. (ECF No. 1); *Metal Serv. Co.*, 892 F.2d at 348. Even if the "futile gesture" doctrine applied, Plaintiff did not allege she was qualified for any position coaching men's sports that she was denied. Plaintiff's segregation claim is speculative, and should be dismissed.

{00143225.DOCX}                                         6

### E. "Negligent Discrimination" is Not a Cognizable Claim

Plaintiff's "negligent discrimination" claim is based on Alma's alleged "failure to conduct an investigation," which she claims "constitute[s] evidence of discriminatory intent." (ECF No. 10, PageID.146). Plaintiff's Response confirms her "claim" is a manner of proof, and it is not a stand-alone claim under Title VII. *Jalal v. Columbia Univ. in City of New York*, 4 F.Supp.2d 224, 241 (S.D.N.Y. 1998). Plaintiff argues the claim *could* exist because an employer can be liable for hostile work environment claims where the employer "knew or should have known" of harassing or discriminatory conduct. *Accord Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 72 (1986), *Faragher v. City of Boca Raton*, 524 U.S. 775, 789 (1998). The claim is a restated combination of Plaintiff's other futile segregation, discrimination, and hostile work environment claims, which fail for the reasons outlined herein. Plaintiff does not cite any law supporting the existence of a distinct "negligent discrimination" claim under Title VII. The claim does not exist under Title VII and Count IV must be dismissed.

### CONCLUSION

Alma College respectfully asks the Court to dismiss Plaintiff's Complaint.

STARR BUTLER, PLLC

By: /s/ Ryan J. Koss
Ryan J. Koss (P79893)
Zeth D. Hearld (P79725)
Dated: October 30, 2025   Attorneys for Defendant

{00143225.DOCX}   7

## CERTIFICATE OF SERVICE

The undersigned says that on October 30, 2025, she has caused to be served a copy of **Defendant Alma College's Reply in Support of Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and Strike Class Allegations, and this Certificate of Service** via the Court's electronic filing system upon all attorneys of record.

/s/ Kiersten Plane

{00143225.DOCX}